IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EULER HERMES NORTH AMERICA INSURANCE COMPANY, as assignee of ALL AMERICAN HEALTHCARE SERVICES INC.,<br>    Plaintiff<br><br>v.<br><br>TWINBROOK OPCO, LLC d/b/a TWINBROOK HEALTHCARE AND REHABILITATION CENTER,<br>    Defendant. | C.A. No. 24-204 Erie<br><br>District Judge Susan Paradise Baxter |

**MEMORANDUM OPINION**

### I.   BACKGROUND

Plaintiff Euler Hermes North America Insurance Company ("Plaintiff"), as assignee of All American Healthcare Services, Inc. ("All American") initiated this action in the Court of Common Pleas of Erie County, Pennsylvania, by filing a complaint on or about June 28, 2024, against Defendant Twinbrook OPCO, LLC ("Twinbrook") d/b/a Twinbrook Healthcare and Rehabilitation Center ("THRC"). [ECF No. 1-2]. The action was subsequently removed to this Court by Notice of Removal filed by Defendant on July 26, 2024. [ECF No. 1].

The claims in this case arise from a Health Care Staffing Agreement ("Agreement"), dated November 29, 2019, pursuant to which All American agreed to provide medical staffing services at THRC's facility at 3805 Field Street, Erie, Pennsylvania (ECF No. 1-2, at ¶ 3). The complaint generally alleges that All American rendered certain medical staffing services to THRC that were fully accepted, but not paid for by Defendant. (Id. at ¶¶ 4-11). As a result, All American submitted a claim to Plaintiff under a credit insurance policy, which claim was paid by

1

Plaintiff in return for All American's assignment of its right to collect its invoice from Defendant in the amount of $65,000.00, plus interest at the rate of 24% per annum and attorneys' fees. (Id. at ¶¶ 11-16). After Defendant failed and/or refused to pay the balance demanded by Plaintiff, the instant lawsuit ensued asserting claims of breach of contract and unjust enrichment.

Now pending before the Court is Defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted. [ECF No. 9]. Specifically, Defendant asserts, *inter alia*, that the Agreement upon which Plaintiff's claims are based does not bear the signature of any representative of Defendant Twinbrook, fails to allege that Twinbrook was a party to the Agreement, and otherwise fails to describe how Twinbrook must comply with the terms thereof. In response, Plaintiff filed a "brief in support of Plaintiff's reply to Defendant's Rule 12(b)(6) motion [ECF No. 16], which supplies several underlying facts that are not alleged in the complaint. In particular, Plaintiff states, *inter alia*, that Defendant Twinbrook "took over" THRC in March of 2021 through an asset purchase agreement, that Twinbrook continued to use the services of All American for approximately one year, that in March 2022 Twinbrook "directly hired several of the temp workers" provided by All American, and that, as a result, Twinbrook was required to pay "recruitment fees" to All American under the terms of the Agreement. (ECF No. 16, at pp. 1-2).

## II.   DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. Malleus v. George, 641 F.3d 560, 563 (3d Cir.2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id., quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). Second, the court must

2

accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009). The court, however, must disregard any conclusory allegations proffered in the complaint. Id. For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state "the-defendant-unlawfully-harmed-me[.]" Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 555. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211, quoting Iqbal, 556 U.S. at 679.

Rule 8(a) (2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests [.]'" Twombly, 550 U.S. at 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

However, where, as here, a plaintiff's brief in opposition to defendant's motion to dismiss contains facts that are not expressly set forth in the complaint, the Court "may not consider such allegations because a complaint cannot be amended by way of an opposition brief." Barrick v. Perry County Prison, 2023 WL 4631658, at *1 n.2 (M.D. Pa. Jul. 19, 2023). See Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007), quoting Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[i]t is axiomatic that the complaint may not be

3

amended by the briefs in opposition to a motion to dismiss"). In the absence of the factual statements contained in Plaintiff's opposition brief, the complaint consists largely of conclusory statements and unsupported allegations that fail to satisfy Rule 8(a)(2)'s requirement that the complaint "show that the pleader is entitled to relief."

Accordingly, Defendant's motion to dismiss under Rule 12(b)(6) will be granted and the complaint will be dismissed for failure to satisfy the pleading standards of Rule 8(a), without prejudice to Plaintiff's right to file an amended complaint within twenty (20) days to more fully set forth the allegations upon which its claims are based.

An appropriate Order follows.